UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:10-cr-46-SEB-MJD-01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| MICHAEL SAYLOR | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:10-cr-00046-SEB-MJD ) |
| MICHAEL SAYLOR, | ) -01 |
| Defendant. | ) ) ) |

## ORDER

This matter is before the Court on Michael Saylor's motion seeking a sentence reduction, dkt. [269], filed pursuant to § 603 of the First Step Act, which is codified at 18 U.S.C. § 3582(c)(1)(A). Mr. Saylor asks the Court to reduce his sentence to time served so that he can be released. *Id.* For the reasons explained below, Mr. Saylor's motion is **denied.**

### I. Background

Mr. Saylor was charged by superseding indictment with four counts: (1) one count of conspiracy to possess with the intent to distribute and/or distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii) (Count 1); (2) one count of knowingly distributing 5 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(b)(viii); (3) one count of knowingly distributing a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and (4) knowingly possessing with the intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii). Dkt. 82.

2

During the course of the case, the United States filed an Information pursuant to 21 U.S.C. § 851(a)(1) charging that Mr. Saylor had been convicted of a drug felony in 2006 in Marion County, Indiana. Dkt. 54. Because the United States had filed an Information charging that Mr. Saylor was convicted of a previous drug felony, § 841(b)(1)(A)(viii) (as it existed at the time of sentencing) mandated a minimum sentence of 20 years for Count 1. *See* 21 U.S.C. § 841(b)(1)(A)(viii) (eff. Aug. 3, 2010 to Dec. 20, 2018); *see also* dkt. 158 at 16 (Presentence Investigation Report) (discussing mandatory minimum and maximum sentences).

In April 2012, Mr. Saylor filed a petition to enter a plea of guilty to Count 1. Dkt. 2. As part of a plea agreement, the parties agreed to recommend a sentence of 240 months of imprisonment, and the United States agreed to dismiss the remaining counts against Mr. Saylor. Dkt. 137. In July 2012, the Court accepted Mr. Saylor's guilty plea, adjudged him guilty of Count 1 of the superseding indictment, and sentenced him to 240 months of imprisonment and 10 years of supervised release. Dkts. 169, 173. Upon motion by the United States, the Court also dismissed the remaining counts against Mr. Saylor. Dkt. 176.

Mr. Saylor is 39 years old. He has been in custody for about 11 years. The Bureau of Prisons ("BOP") lists his anticipated release date (with good-credit time included) as March 4, 2027. He is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"). As of January 20, 2021, the BOP reports that two inmates and 19 staff members at FCI Jesup are currently suffering from COVID-19; it also reports that two inmates at FCI Jesup have died from COVID-19 and that 415 inmates and three staff members have recovered from the virus. *See* https://www.bop.gov/coronavirus/ (last visited Jan. 20, 2021).

On July 29, 2020, Mr. Saylor filed a pro se motion for sentence reduction. Dkt. 269. The United States responded, dkt. 273, and Mr. Saylor replied, dkts. 274, 275, 278. At the Court's direction, the United States filed a sur-reply, dkt. 280, and Mr. Saylor responded to that sur-reply, dkt. 281. Mr. Saylor's motion is thus ripe for decision.

## II. Discussion

Mr. Saylor seeks a sentence reduction based on "extraordinary and compelling reasons" as set forth in 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 269. Specifically, he contends that, due to post-sentencing change to 21 U.S.C. § 841, his sentence would be much shorter if he were sentenced today. *Id.* at 2. He also argues that his extraordinary rehabilitation is an extraordinary and compelling reason warranting a sentence reduction. *Id.* In addition, Mr. Saylor contends that his father is in ill health and that his mother needs Mr. Saylor's help to care for her ailing husband. *Id.* at 3. Finally, he argues that the dangers posed by the COVID-19 pandemic are an extraordinary and compelling reason to release him. *Id.* at 3–4. In a letter the Court received in late November 2020, he informed the Court that he had contracted COVID-19. Dkt. 278. The United States contends that Mr. Saylor has not shown an extraordinary and compelling reason warranting sentence reduction. Dkts. 273, 280. It also argues that he is a danger to the community and that the sentencing factors in 18 U.S.C. § 3553(a) do not favor a sentence reduction. *Id.*

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for a reduction based on "extraordinary and compelling reasons." Now, a

4

defendant is also permitted to file such a motion after exhausting administrative remedies. *See* First Step Act of 2018, Pub. L.N. 115-391, 132 Stat. 5194, 5239 (2018). The amended version of the statute states:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,[1] may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction; or
> >
> > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* Before

---

[1] Mr. Saylor submitted evidence showing that he made administrative requests for relief in July 2019 and May 2020. Dkt. 269-5. Thus, the Court may consider his motion. The United States does not argue to the contrary. *See generally* dkt. 273.

5

passage of the First Step Act, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c). U.S.S.G. § 1B1.13.

Section 1B1.13 sets forth the following considerations. First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, consideration of the sentencing factors in 18 U.S.C. § 3553(a), "to the extent they are applicable." U.S.S.G. § 1B1.13.

As to the first consideration, Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)," "[a]s determined by the Director of the Bureau of Prisons." *Id.*, Application Note 1(D).

The policy statement in § 1B1.13 addresses only motions from the Director of the BOP. *Id.* ("Upon the motion of Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the

court may reduce a term of imprisonment . . . "). It has not been updated since the First Step Act amended § 3582(c)(1)(A) to address motions that are filed by prisoners. As a result, the Sentencing Commission has not yet issued a policy statement "applicable" to motions filed by prisoners. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). And, in the absence of an applicable policy statement, the portion of § 3582(c)(1)(A) requiring that a reduction be "consistent with the applicable policy statements issued by the Sentencing Commission" does not curtail a district court judge's discretion. *Id.* at 1180. Nonetheless, the Commission's analysis in § 1B1.13 can guide a court's discretion without being conclusive. *Id.* As to motions brought under the "catchall" provision in Subsection (D), district judges should give the Director of the BOP's analysis substantial weight (if he has provided such an analysis), even though those views are not controlling. *Id.*

Accordingly, the Court evaluates motions brought under the "extraordinary and compelling" reasons prong of § 3582(c)(1)(A) with due regard for the guidance provided in § 1B1.13 by deciding: (1) whether a defendant has presented an extraordinary and compelling reason warranting a sentence reduction; (2) whether the defendant presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether the applicable sentencing factors in § 3553(a) favor granting the motion.

Mr. Saylor does not suggest that Subsections (A)-(C) of Application Note 1 to § 1B1.13 provide him with an extraordinary and compelling reason warranting a sentence reduction. Thus, the question is whether the Court should exercise its discretion to find extraordinary and compelling reasons warranting a sentence reduction in this case. The Court declines to do so.[2]

---

[2] Following the Seventh Circuit's direction in *Gunn*, 980 F.3d at 1180, the Court has considered the rationale Mr. Saylor's warden gave in denying his administrative requests for relief. The denial dated July

### A.     **Family Circumstances**

In asking the Court to find extraordinary and compelling reasons warranting a sentence reduction, Mr. Saylor urges the Court to consider his father's poor health. Specifically, he contends that his father has been diagnosed with skin cancer and that his mother needs Mr. Saylor's help to care for her husband. Dkt. 269 at 3; dkt. 275 at 7–8.

While the Court empathizes with and applauds Mr. Saylor's desire to help his parents, it declines to find that his family circumstances present extraordinary and compelling reasons warranting a sentence reduction, either alone or in combination with the other potentially extraordinary and compelling reasons he puts forth. Many inmates have aging and sick parents whom they might like to support. As a result, this Court has consistently concluded that the desire to assist an elderly or ill parent is not an extraordinary and compelling reason warranting a sentence reduction. *See, e.g.*, *United States v. Trice*, No. 1:13-cr-222-TWP-DML-1, Dkt. 114 at 5 (S.D. Ind. Aug. 4, 2020) (collecting cases); *United States v. Jackson*, No. 1:18-cr-314-RLY-MJD-1, dkt. 33 (S.D. Ind. Aug. 12, 2020) (collecting cases); *see also United States v. Crandle*, 2020 WL 2188865, at *3 & n.27 (M.D. La. May 6, 2020) (collecting cases); *United States v. Ingram*, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019) ("Many, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary.").

---

10, 2019, provides little guidance to the Court. The record does not reveal the basis for Mr. Saylor's May 2019 request for relief, and, thus, the warden's conclusion that he had not presented "extraordinary and compelling reasons" for a sentence reduction is not very helpful. *See* dkt. 269-5 at 2–3. The warden's May 2020 denial also provides limited guidance to the Court because it refers only to the threat of COVID-19 and does not address the other potential "extraordinary and compelling" reasons Mr. Saylor has presented to the Court. *See id.* at 4.

8

**B.     Risk from COVID-19**

Second, the COVID-19 pandemic does not present an extraordinary and compelling reason warranting a sentence reduction in this case, either alone or in combination with the other potentially extraordinary and compelling reasons Mr. Saylor offers. Mr. Saylor does not claim to be suffering from any conditions that increase his risk of experiencing severe symptoms if he contracts COVID-19. *See generally* dkts. 269, 274, 275, 281. While the Court sympathizes with Mr. Saylor's fear of the virus, this Court has repeatedly concluded that the general threat of COVID-19 is not an extraordinary and compelling reason warranting sentence reduction. *See, e.g.*, *United States v. Jackson*, No. 1:18-cr-314-RLY-MJD01, dkt. 33 (S.D. Ind. Aug. 12, 2020) (concluding that the general threat of contracting COVID-19 is not an extraordinary and compelling reason warranting a sentence reduction). Likewise, the Court has consistently denied motions for compassionate release from defendants who—like Mr. Saylor—have not shown that they suffer from medical conditions that place them at an increased risk of suffering severe COVID-19 symptoms. This is true even when those defendants are incarcerated in "hotspots" for COVID-19. *See United States v. Dyson*, 2020 WL 3440335, at *3 (S.D. Ind. June 22, 2020) (collecting cases).

Regardless, even if Mr. Saylor did have conditions that put him at an increased risk of severe COVID-19 symptoms, he tested positive for the virus approximately two months ago. *See* dkt. 278. He does not claim to have suffered severe symptoms, or even to have suffered any symptoms at all. *Id.* Thus, he has not shown extraordinary and compelling reasons warranting a sentence reduction. *See, e.g.*, *United States v. Weatherspoon*, No. 2:11-cr-9-JMS-CMM-07, dkt. 894 (S.D. Ind. July 7, 2020) (finding no extraordinary and compelling reason where defendant had

conditions putting him at risk for severe COVID-19 symptoms and had been hospitalized after testing positive for COVID-19, but had since recovered); *United States v. Wyatt*, No. 3:17-cr-11-RLY-MPB-02, dkt. 165 (S.D. Ind. Sept. 3, 2020) (finding no extraordinary and compelling reason where defendant had conditions putting him at risk for severe COVID-19 symptoms and had tested positive for COVID-19 but remained asymptomatic).

To the extent Mr. Saylor's pro se filings can be liberally construed to express a concern about being reinfected with the virus, the result does not change. The Court recognizes that FCI Jesup experienced a serious outbreak of COVID-19 and that inmates and staff members at FCI Jesup still have active cases of COVID-19. But any reliance on the possibility that he will be reinfected and suffer severe symptoms is speculative. *See* https://www.cdc.gov/coronavirus/2019-ncov/if-you-are-sick/quarantine.html (last visited Jan. 20, 2021) ("Cases of reinfection of COVID-19 have been reported but are rare."). To date, this Court has declined to find extraordinary and compelling circumstances warranting a sentence reduction when a defendant has experienced a mild case of COVID-19 or recovered from COVID-19—even when that defendant has risk factors for severe symptoms. *See*, *e.g.*, *Wyatt*, No. 3:17-cr-11-RLY-MPB-02, dkt. 165 (S.D. Ind. Sept. 3, 2020); *United States v. Gevirtz*, No. 1:17-cr-68-RLY-MJD-01, dkt. 68 (S.D. Ind. Sept. 14, 2020); *United States v. Young*, No. 1:10-cr-3-SEB-DML-17, dkt. 1540 (S.D. Ind. July 27, 2020); *United States v. Swain*, No. 2:15-cr-19-JMS-CMM-06, dkt. 781 (S.D. Ind. June 3, 2020).

Finally, Mr. Saylor's pro se filings may be liberally construed to state complaints about the way the BOP has handled the COVID-19 pandemic. Such complaints might conceivably support a civil action for money damages or injunctive relief. But, because alternative means exist to

address those complaints, they do not represent extraordinary and compelling reasons warranting a sentence reduction.

### C. Change to § 841

The post-sentencing change to § 841 is also not an extraordinary and compelling reason for reducing Mr. Saylor's sentence, either alone or in combination with the other potentially extraordinary and compelling reasons Mr. Saylor posits. On December 21, 2018—more than six years after Mr. Saylor was sentenced—the First Step Act was enacted. Section 401 of the First Step Act changed the predicate offense required to mandate an enhanced sentence after the filing of an information under § 851. 132 Stat. at 5220–21. Under 21 U.S.C. § 841(b)(1)(A) as amended by § 401 of the First Step Act, an enhanced sentence is now mandated only if the United States files an information showing that the defendant has a prior conviction for a "serious drug felony or serious violent felony." 21 U.S.C. § 841(b)(1)(A) (eff. Dec. 21, 2018). "Serious drug felony" means an offense described in 18 U.S.C. § 924(e)(2) for which (a) the defendant served a term of imprisonment of more than 12 months; and (b) the offender's release from any term of imprisonment was within 15 years of the commencement of the instant offense. 21 U.S.C. § 802(57) (eff. Dec. 21, 2018).

In addition to changing the predicate offense for an enhanced sentence under § 841, § 401 of the First Step Act also changed the minimum mandatory sentence for cases in which the enhancement applies. Under 21 U.S.C. § 841(b)(1)(A) as amended by § 401 of the First Step Act, a defendant convicted of a drug charge involving 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine after committing a serious drug felony is

11

subject to a minimum mandatory sentence of 15 years. 21 U.S.C. § 841(b)(1)(A) (eff. Dec. 21, 2018).

These changes to § 841 mean that, if he were sentenced today, Mr. Saylor would not be subject to a 20-year minimum mandatory sentence for Count 1. Assuming that his 2006 felony conviction for dealing cocaine would qualify as a "serious drug felony" under the amended version of § 841,[3] if Mr. Saylor were sentenced today, he would face a mandatory minimum sentence of 15 years. *See* 21 U.S.C. § 841(a)(1)(A)(viii) (eff. Dec. 21, 2018).

However, Mr. Saylor is not being sentenced today. He was sentenced in 2012—more than six years before the First Step Act was enacted. And § 401 of the First Step Act also provides: "This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment.'" 132 Stat. at 5221 (First Step Act, § 401(c)). In other words, § 401 does not apply retroactively. *See e.g., United States v. Jackson*, 940 F.3d 347, 353–54 (7th Cir. 2019); *United States v. Pierson*, 925 F.3d 913, 927–28 (7th Cir. 2019), *vacated and remanded for further consideration on other grounds*, *Pierson v. United States*, 140 S. Ct. 1291 (2020).

Mr. Saylor recognizes that § 401 of the First Step Act does not apply retroactively. *See* dkt. 281 at 12. Nonetheless, he argues that the disparity between the sentence he actually received and the sentence he might receive if sentenced today can still be an "extraordinary and compelling reason" warranting a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). The Court disagrees.

---

[3] The Presentence Investigation Report ("PSR") states that Mr. Saylor was sentenced to 10 years of imprisonment for this offense. Dkt. 158 at 11. It also shows that he was released in 2008 and suggests that he served at least two years in prison for the offense. *Id.* Thus, it appears that the 2006 conviction would qualify as a "serious drug felony" under the amended version of § 841. If it did not qualify as a "serious drug felony," then the mandatory minimum sentence for Count 1 would be 10 years under the amended version of § 841. *See* 21 U.S.C. § 841(b)(1)(A)(viii) (eff. Dec. 21, 2018).

12

In *United States v. Tingle*, No. 4:15-cr-23-TWP-VTW-01, dkt. 260 (S.D. Ind. Nov. 17, 2020), the Honorable Tanya Walton Pratt confronted, and rejected, the same argument from a defendant whose sentence would be shorter if he were sentenced today. She reasoned, in part:

> While Mr. Tingle would face a lower mandatory minimum sentence if he were sentenced today, Congress explicitly declined to make § 401 of the First Step Act retroactive, and unfortunately, defendants like Mr. Tingle are not be able to use the "extraordinary and compelling" provision of § 3582(c)(1)(A) as an end-run to achieve a result that Congress did not intend.
>
> Mr. Tingle emphasizes that courts have broad discretion to decide what constitutes an "extraordinary and compelling reason" for a sentence reduction under § 3582(c)(1)(A)(i) and that nothing in the First Step Act prohibits the Court from finding the change to § 841 to be an extraordinary and compelling reason. That may be true. As explained, however, Congress explicitly declined to make the change to § 841 retroactive, thereby leaving in place many sentences imposed under the old version of § 841. As a result, the Court declines to exercise its discretion to find that the difference between the lengthy sentence Mr. Tingle received and the sentence he might receive if sentenced today is an extraordinary and compelling reason warranting a sentence reduction . . . .
>
> While the undersigned found Mr. Tingle's sentence to be overly harsh [at sentencing], it was the sentence the law required at the time. The Court does not understand § 3582(c)(1)(A) to give it free rein to go back and correct a harsh sentencing scheme where Congress has declined to do so. The Court recognizes that other courts have reached the opposite conclusion, *see, e.g.*, *United States v. McPherson*, 454 F. Supp. 3d 1049, 1053 (W.D. Wash. 2020) (granting compassionate release based on change to stacking provisions of § 924(c), explaining that "Section 3582(c)(1)(A) provides a safety valve against what otherwise would be a harsh, unjust, and unfair result stemming from a non-retroactivity clause"), but the Court respectfully disagrees. While Mr. Tingle's sentence was overly harsh, many defendants faced harsh sentences under § 841 as it existed before § 401 of the First Step Act was passed. Despite this, Congress explicitly declined to make § 401 retroactive.

*Id.* at 13–14 (some internal citations omitted). The Court agrees with Judge Pratt's reasoning in *Tingle* and adopts it here.

Mr. Saylor urges the Court not to follow *Tingle*, relying on two post-*Tingle* decisions: *United States v. Gunn*, 980 F.3d at 1178, and *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020).

13

Dkt. 281. Mr. Saylor correctly observes that, in *Gunn*, the Seventh Circuit held that district courts are free to determine independently what constitutes extraordinary and compelling reasons for a sentence reduction under § 3582(c)(1)(A)(i) without being bound by the specific examples listed in U.S.S.G. § 1B.13. *See Gunn*, 980 F.3d at 1180–81. But, as Judge Pratt observed in denying Mr. Tingle's motion to reconsider, the holding in *Gunn* does not change the outcome in *Tingle*. This is because, in denying Mr. Tingle's motion for compassionate release, the Court did not deem itself to be bound by § 1B1.13 and assumed that it possessed the discretion to determine what constitutes an "extraordinary and compelling" reason warranting a sentence reduction. *See Tingle*, No. 4:15-cr-23-TWP-VTW-01, dkt. 276 at 4. The same is true here. The Court recognizes that it possesses the broad discretion to determine what constitutes an "extraordinary and compelling" reason warranting sentence reduction. It declines, however, to find that the non-retroactive change to § 841 qualifies as such a reason.

*McCoy* provides Mr. Saylor no additional help. In *McCoy*, the district court concluded that a change to the so-called "stacking" provisions of 18 U.S.C. § 924 constituted an extraordinary and compelling reason warranting a sentence reduction even though the change was not retroactive. 9871 F.3d at 274. The Fourth Circuit affirmed that decision, reasoning that it was permissible for the district court to find that the defendants' unusually long sentences combined with the disparity between the sentences they received and the sentences they would receive if sentenced today to create an extraordinary and compelling reason warranting a sentence reduction. *Id.* at 285–87. As recognized by Judge Pratt in *Tingle*, the rationale of cases considering the non-retroactive change to § 924 is applicable to cases like the instant case, which involves a non-retroactive change to § 841. *Tingle*, No. 4:15-cr-23-TWP-VTW-01, dkt. 260 at 12–13. The Fourth

14

Circuit did not, however, hold that the district court would have abused its discretion if it declined to find extraordinary and compelling reasons based on the statutory change.

The Court also recognizes that, as Mr. Saylor points out, some courts have disagreed with this Court's position. For example, in *United States v. Cantu-Rivera*, 2019 WL 2578272, at *2 (S.D. Tex. June 24, 2019), the court found that the change to the sentencing scheme in § 841 could combine with extraordinary rehabilitation to create an extraordinary and compelling reason warranting a sentence reduction. This Court respectfully disagrees. Congress has specifically provided that rehabilitation alone cannot be an extraordinary and compelling reason warranting a sentence reduction. 28 U.S.C. § 994(t). If the Court were to combine rehabilitation with another reason that is not extraordinary and compelling—namely, the non-retroactive change to the mandatory minimum sentence in § 841—to create an extraordinary and compelling reason for a sentence reduction, it would essentially be doing what § 994(t) prohibits.

Likewise, some courts have found that a sentencing disparity created by a non-retroactive statutory change can be an extraordinary and compelling reason for a sentence reduction when coupled with the fact that a defendant received a long sentence when he was relatively young. *See, e.g.*, *United States v. Maumau*, 2020 WL 806121, at *5–7 (D. Utah Feb. 18, 2020). The prospect of a young defendant facing a long sentence does not, however, convert the non-retroactive change into an extraordinary and compelling reason warranting a sentence reduction. Many defendants were sentenced to lengthy terms of incarceration at young ages under § 841 as it existed before Congress amended it.

Finally, Mr. Saylor argues that the change to § 841 can be an extraordinary and compelling reason warranting a sentence reduction because the Senate Report that accompanied the original

15

statute allowing the filing of motions for compassionate release stated that sentence modifications could be appropriate, "in cases of severe illness, cases in which some other extraordinary and compelling circumstances justify a reduction of an *unusually long sentence*, and some cases in which the sentencing guidelines for the offense of which the defendant was convicted have been later amended to provide a shorter term of imprisonment." S. Rep. 98-225, at 55–56 (1984) (emphasis added); *see* dkt. 281 at 6. Mr. Saylor has not provided any argument or evidence suggesting that the Senate Report was referring to a statutorily-mandated minimum sentence when it mentioned an "unusually long sentence." Such a reading seems unlikely because it would effectively give courts authority to ignore mandatory minimum sentences. Regardless, by its own terms, the Senate Report assumes the existence of "some other extraordinary and compelling circumstances," and Mr. Saylor has not shown the existence of such a circumstance. Finally, Mr. Saylor's sentence is not "unusually long." As the United States points out, Mr. Saylor's advisory sentencing range was 292–365 months, a range that would remain unchanged today. *See* dkt. 280 at 2–3. Mr. Saylor was sentenced below that range. The Senate Report does not support Mr. Saylor's argument that he has shown an extraordinary and compelling reason warranting a sentence reduction.

The Court notes that the change to § 841 is not wholly irrelevant to its consideration of a motion for sentence reduction under § 3582(c)(1)(A)(i). If a defendant shows an extraordinary and compelling reason warranting a sentence reduction, then the Court may properly consider the change in the law when considering the sentencing factors under § 3553(a). *See United States v. Hudson*, 967 F.3d 605, 609, 613 (7th Cir. 2020) (concluding that a court may consider new statutory minimum or maximum penalties, current guidelines, and post-sentencing conduct when

16

determining whether the § 3553(a) factors warrant a reduced sentence under § 404 of the First Step Act). But Mr. Saylor has not shown an extraordinary and compelling reason under § 3582(c)(1)(A)(i).

**D.     Rehabilitation**

Mr. Saylor also argues that the Court may consider his "extraordinary rehabilitation" in determining whether an extraordinary and compelling reason supports a sentence reduction in his case. Dkt. 269 at 2. He notes that he has completed numerous rehabilitative programs, including drug treatment and the Unicor Re-Entry Program. *Id.* He asserts that he has spent time improving himself and his character. *Id.* His BOP records show that he has only been disciplined three times in his decade of incarceration and that his last incident was more than three years ago. Dkt. 273-1.

Mr. Saylor is to be commended for his efforts at rehabilitation and his good conduct. As explained above, however, rehabilitation alone cannot be an extraordinary and compelling reason warranting a sentence reduction. 28 U.S.C. § 994(t). Neither does the Court find that Mr. Saylor's rehabilitation combines with any of the other circumstances presented by this case to create an extraordinary and compelling reason warranting a sentence reduction.

As with the change in law, a defendant's efforts at rehabilitation are not irrelevant to the consideration of a motion for sentence reduction under § 3582(c)(1)(A)(i). If a defendant shows an extraordinary and compelling reason warranting a sentence reduction, then the Court may consider post-sentencing conduct when it considers the sentencing factors under § 3553(a). *See Hudson*, 967 F.3d at 609, 613. But Mr. Saylor has not shown an extraordinary and compelling reason under § 3582(c)(1)(A)(i).

### III. Conclusion

In summary, Mr. Saylor was sentenced to a statutorily mandated 240 months of imprisonment under § 841. Congress later changed the mandatory minimum sentence, but it did not make the change retroactive. Mr. Saylor has made significant efforts toward rehabilitation. His father is in poor health, and his mother could use Mr. Saylor's help in caring for her husband. Mr. Saylor also legitimately fears contracting COVID-19 while incarcerated, but he does not have any particular health conditions that put him at an increased risk of severe symptoms from the virus. While the Court is not unsympathetic to Mr. Saylor's position, these circumstances do not, in the Court's judgment, add up to extraordinary and compelling reasons warranting a sentence reduction.

Because the Court has concluded that Mr. Saylor has not presented an extraordinary and compelling reason warranting a sentence reduction, the Court need not determine whether Mr. Saylor would present a danger to another person or the community if released or whether the § 3553(a) factors favor release. Should Mr. Saylor's circumstances or health condition change, and he is able to show an extraordinary and compelling reason for a sentence reduction under § 3582(c)(1)(A)(i), he may file another motion.

Accordingly, Mr. Saylor's motion for sentence reduction, dkt. [269], is **denied.**

**IT IS SO ORDERED.**

Date: 1/26/2021

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Michael Saylor
Reg. No. 09436-028
FCI Jesup
Federal Correctional Institution
2680 301 South
Jesup, GA 31599