UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:10-cr-00046-SEB-MJD-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE) |
| MICHAEL SAYLOR | |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:10-cr-00046-SEB-MJD |
| | ) | |
| MICHAEL SAYLOR, | ) -1 | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant Michael Saylor has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 294. For the reasons explained below, his motion is **DENIED**.

## I. Background

In January 2010, law enforcement officers conducted three controlled purchases of methamphetamine from Mr. Saylor and another individual. Dkt. 166 at 1–2. In February 2010, law enforcement approached Mr. Saylor, and Mr. Saylor agreed to cooperate. *Id.* at 2. Mr. Saylor stated that he paid $12,800 per half pound of methamphetamine from another individual and would earn $22,000 after street distribution. *Id.* at 3. Mr. Saylor admitted to possessing additional methamphetamine at his residence. *Id.*

Mr. Saylor was charged by superseding indictment with four counts: (1) one count of conspiracy to possess with the intent to distribute and/or distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii); (2) one count of knowingly distributing 5 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(b)(viii); (3) one count

of knowingly distributing a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and (4) knowingly possessing with the intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii). Dkt. 82.

During the course of the case, the United States filed an Information pursuant to 21 U.S.C. § 851(a)(1) charging that Mr. Saylor had been convicted of a drug felony in 2006 in Marion County, Indiana. Dkt. 54. Because the United States had filed an Information charging that Mr. Saylor was convicted of a previous drug felony, § 841(b)(1)(A)(viii) (as it existed at the time of sentencing) mandated a minimum sentence of 20 years for Count 1. *See* 21 U.S.C. § 841(b)(1)(A)(viii) (eff. Aug. 3, 2010 to Dec. 20, 2018); *see also* dkt. 158 at 16 (Presentence Investigation Report) (discussing mandatory minimum and maximum sentences).

In July 2012, Mr. Saylor plead guilty to Count 1. Dkts. 169, 173. As part of a plea agreement, the parties agreed to recommend a sentence of 240 months of imprisonment, and the United States agreed to dismiss the remaining counts against Mr. Saylor. Dkt. 137. The Court accepted Mr. Saylor's guilty plea and sentenced him to 240 months of imprisonment and 10 years of supervised release. Dkts. 169, 173. Upon motion by the United States, the Court also dismissed the remaining counts against Mr. Saylor. Dkt. 176.

Mr. Saylor faced a guidelines range of 292 to 365 months of imprisonment. Dkt. 158 at 16. The Court sentenced him to 240 months of imprisonment in accordance with the plea agreement. Dkt. 173 at 2. The Bureau of Prisons ("BOP") lists Mr. Saylor's anticipated release date (with good-conduct time included) as March 4, 2027. https://www.bop.gov/inmateloc/ (last visited April 9, 2024).

Mr. Saylor has filed his second motion for compassionate release *pro se*. Dkt. 294. Mr. Saylor argues that he establishes extraordinary and compelling reasons for compassionate release because (1) a change in the law has produced a disparity between the sentence he is serving and the sentence he would receive today, dkt. 294 at 3; (2) the COVID-19 pandemic has created unduly harsh conditions while incarcerated and he remains at risk of serious infection, *id.* at 6; (3) he wishes to be home to provide care for his ailing mother, dkt. 29–30, dkt. 294-1 at 12–13; and (4) he has undergone substantial rehabilitation while incarcerated, dkt. 294 at 25. The United States has filed opposition to the motion, dkt. 301, and Mr. Saylor filed a reply, dkt. 305. The motion is now ripe for the Court's consideration.

## II.   Discussion

### A. Waiver

The United States argues that Defendant waived his right to seek a sentence modification based on the terms of his plea agreement. Dkt. 301 at 11–13. Mr. Saylor entered into his plea agreement on February 20, 2012, dkt. 137, and pleaded guilty on July 26, 2012, dkt. 169. His plea agreement stated that he agreed not to "contest, or seek to modify" his sentence, including in "an action brought under 18 U.S.C. § 3582." Dkt. 137 at 3. Mr. Saylor entered into his plea agreement before the First Step Act was enacted. At the time of his plea agreement, § 3582 provided that only the Bureau of Prisons ("BOP") could bring a motion for sentence reduction based on "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A) (2016). The First Step Act, enacted on December 21, 2018, provided for the first time the ability of a defendant to seek a sentence reduction under § 3582 upon their own motion. *See* 132 Stat. 5194, 5239 (2018) (First Step Act, § 603).

4

In order for a waiver of rights to be knowing and voluntary, a defendant must understand the choice confronting him. *United States v. Alcala*, 678 F.3d 574, 579 (7th Cir. 2012). Further, a waiver provision in a plea agreement is only applicable to rights available to the defendant at the time the plea is entered. *United States v. Olano*, 507 U.S. 725, 733 (1993) ("[W]aiver is the 'intentional relinquishment or abandonment of a known right.'") (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)).

Because Mr. Saylor did not have the right to petition for a sentence reduction based on "extraordinary and compelling reasons" under § 3582 at the time he pled guilty, he could not have knowingly waived the right to do so at the time he entered his plea. Mr. Saylor therefore did not waive his right to petition the Court for a sentence modification based on "extraordinary and compelling reasons" in his plea agreement. *See United States v. Burrill*, 445 F. Supp. 3d 22, 25 (N.D. Cal. 2020) (reaching same conclusion); *cf. United States v. Egebrecht*, No. 2:17-cr-00007-JRS-CMM-01, 2020 WL 3510775, at *2–4 (S.D. Ind. June 29, 2020) (finding motion for compassionate release barred by plea waiver where defendant entered into plea agreement after First Step Act was enacted). The United States does not cite any cases holding that a defendant who signed a plea waiver before the First Step Act was enacted is barred from pursuing a motion for compassionate release directly with a district court. For these reasons, the Court finds that the waiver provision in Mr. Saylor's plea does not bar a motion for compassionate release filed on his own behalf under 18 U.S.C. § 3582(c)(1)(A) as amended by § 603 of the First Step Act of 2018.

**B. Compassionate Release**

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are

5

applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The district court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023).

Mr. Saylor first contends that the disparity between the sentence he received and the sentence he might receive if he was sentenced today establishes an extraordinary and compelling reason to release him. Specifically, he argues that his mandatory minimum was reduced in 2018 by the First Step Act. Dkt. 294 at 3. He also argues that one of his prior convictions could not be used today to enhance his sentence. *Id.* at 24. He says these changes together would result in a mandatory minimum sentence of 10 years. *Id.* The Government agrees that he would face a 10-year mandatory minimum if he were sentenced today based on these changes in the law. Dkt. 301 at 9–10.

For several years, the Seventh Circuit has repeatedly affirmed its conclusion that non-retroactive statutory changes and new judicial decisions are not extraordinary and compelling reasons for granting compassionate release, whether considered alone or in combination with any other factors. *See United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021) (holding that non-

retroactive change to statutory mandatory minimum sentence was not extraordinary and compelling reason for relief under § 3582(c)(1)(A)(i) and that district court cannot consider such a change, whether alone or in combination with any other factor, when determining whether defendant has established extraordinary and compelling reasons potentially warranting a sentence reduction). As summarized by the Seventh Circuit:

> When deciding whether "extraordinary and compelling reasons", 18 U.S.C. § 3582(c)(1)(A)(i), justify a prisoner's compassionate release, judges must not rely on non-retroactive statutory changes or new judicial decisions.... *There's nothing "extraordinary" about new statutes or caselaw*, or a contention that the sentencing judge erred in applying the Guidelines; these are the ordinary business of the legal system, and their consequences should be addressed by direct appeal or collateral review under 28 U.S.C. § 2255.

*United States v. King*, 40 F.4th 594, 595 (7th Cir. 2022) (emphasis added; cleaned up); *see also United States v. Von Vader*, 58 F.4th 369, 371 (7th Cir. 2023) (quoting *United States v. Brock*, 39 F.4th 462, 466 (7th Cir. 2022) ("Judicial decisions, whether characterized as announcing new law or otherwise, cannot alone amount to an extraordinary and compelling circumstance allowing for a sentence reduction")). Under the *Thacker* line of cases, any potential sentencing disparity clearly does not qualify as an extraordinary and compelling reason potentially warranting a sentence reduction, and the Court would abuse its discretion were it to find otherwise.

The Court recognizes that, effective November 1, 2023, the United States Sentencing Commission amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2023 (last visited March 26, 2024). One such new circumstance is related to defendants who received an "unusually long sentence":

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the

> Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

The *Thacker* line of cases can be read to hold that the statutory definition of "extraordinary" does not extend to law changes, which means there is a question about whether the Sentencing Commission exceeded its authority when it added this item to the list of potentially extraordinary and compelling reasons warranting a sentence reduction under § 3582(c)(1)(A)(i). *See United States v. LaBonte*, 520 U.S. 751, 757 (1997) ("Broad as [the Commission's] discretion may be, however, it must bow to the specific directives of Congress."). The Court need not, however, reach that question in Mr. Saylor's case because—even if the Commission was within its authority to adopt § 1B1.13(b)(6) and assuming Mr. Saylor met his burden to establish that his case meets the requirements of this provision—the Court would nevertheless find that Mr. Saylor is not entitled to compassionate release because the sentencing factors under 18 U.S.C. § 3553 do not weigh in his favor.[1]

His efforts utilized programming available in BOP, dkt. 294-1 at 6, and his apprenticeship while incarcerated which may assist him in obtaining employment if released, *id.* at 7, are commendable. However, Mr. Saylor committed a serious crime and has an extensive criminal

---

[1] The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

history including a felony dealing in cocaine conviction and multiple violent offenses. Dkt. 158 at 8–11. At the time, Mr. Saylor committed this offense, he was on parole following his dealing in cocaine conviction. *Id.* at 11. Mr. Saylor has a long disciplinary history while in BOP including three violations in the last two years. Dkt. 301-1 at 1–2.

Further, Mr. Saylor is not scheduled to be released from prison until March 2027. To release him now would be a substantial reduction in his sentence. Moreover, Mr. Saylor has already received substantial benefits in sentencing and is now asking for a third major sentencing benefit. In his plea agreement, the Government agreed to dismiss multiple counts against him. Dkt. 137 at 3. The Government also agreed to a sentence of 240 months, a below guidelines sentence. *Id.* at 2. Given that he has already received such substantial benefits, Mr. Saylor's request for the triple benefit of early release would not be appropriate because the resulting sentence would no longer adequately reflect the nature of his offense.

Thus, because the early release of Mr. Saylor would not: reflect the seriousness of the offense; promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, or protect the public from further crimes, the motion must be **DENIED**. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("all a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion . . . is enough; more would be otiose.").

### III.   Conclusion

For the reasons stated above, Mr. Saylor's motion for compassionate release, dkt. [294], is **denied**.

**IT IS SO ORDERED.**

Date: 4/11/2024

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Michael Saylor
Register Number: 09436-028
FCI Beckley
Federal Correctional Institution
P.O. Box 350
General & Legal Mail
Beaver, WV 25813